# United States Court of Appeals for the Federal Circuit

---

**ELISSA RUMSEY,**
*Petitioner*

**v.**

**DEPARTMENT OF JUSTICE,**
*Respondent*

---

2016-2661

---

Petition for review of the Merit Systems Protection Board in No. DC-1221-11-0466-A-1.

---

Decided: August 10, 2017

---

ROBERT ALAN BURKA, Washington, DC, argued for petitioner.

HILLARY STERN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent. Also represented by ALLISON KIDD-MILLER, ROBERT E. KIRSCHMAN, JR., BENJAMIN C. MIZER.

---

Before NEWMAN, DYK, and STOLL, *Circuit Judges.*

DYK, *Circuit Judge.*

Elissa Rumsey is a federal employee. After prevailing in an individual right of action appeal with the Merit Systems Protection Board ("Board") alleging whistleblower reprisal, Ms. Rumsey sought attorney's fees pursuant to 5 U.S.C. § 1221(g)(1)(B). The Board refused to award attorney's fees for the services of Beth Slavet, Esq., one of the three lawyers or firms that represented Ms. Rumsey during the course of the proceedings before the Board. Slavet was Ms. Rumsey's principal lawyer leading up to and during the initial hearing before the administrative judge. Ms. Rumsey now petitions for review of that decision. We conclude that Ms. Rumsey carried her burden of showing entitlement to some award of attorney's fees. Accordingly, we reverse and remand.

BACKGROUND

Ms. Rumsey was and is a Compliance Monitoring Coordinator in the Office of Juvenile Justice and Delinquency Prevention ("OJJDP" or "agency") within the Department of Justice. Ms. Rumsey protested certain grant-making decisions she perceived to be improper. In that connection, Ms. Rumsey publicly disclosed (to the media and to members of Congress) her belief that the agency had failed to ensure compliance with grant terms and that the agency had covered up the submission of fraudulent data by one grantee. Ms. Rumsey filed a complaint with the Inspector General regarding this alleged fraud. Congress subsequently investigated these disclosures by Ms. Rumsey and other whistleblowers, and certain members specifically recognized the efforts of Ms. Rumsey in bringing about corrective legislative action.

Ms. Rumsey filed a complaint with the Office of Special Counsel alleging whistleblower reprisal. Specifically, Ms. Rumsey alleged that the agency, *inter alia*, gave her improperly low performance ratings, moved some of her job duties to other employees, and canceled her telework

agreement. Then, in 2011, she filed an individual right of action appeal with the Board. The administrative judge denied corrective action. In October 2013, on petition for review, the Board reversed and ordered corrective action with respect to her performance rating and telework agreement.

Ms. Rumsey then filed a motion seeking attorney's fees for all three of the lawyers or firms who represented her during the course of the proceedings. The Board awarded attorney's fees for two of the lawyers or firms, excluding certain hours and applying an equitable 60-percent reduction to the lodestar amounts, in light of Ms. Rumsey's limited degree of success in her individual right of action appeal. This case concerns only attorney's fees for Ms. Rumsey's representation by Slavet from October 2008 until November 2011. The period included filing of the complaint with the Office of Special Counsel and the individual right of action appeal with the Board.

Slavet was an expert in federal employment law, and whistleblowing in particular, with over 25 years of experience. This experience included over seven years of combined service as a member, vice chairman, and chairman of the Board.

Ms. Rumsey initially sought reimbursement for the $87,000 she had already paid to Slavet and indicated that she would later claim any additional amounts paid to Slavet. In support of her motion, Ms. Rumsey submitted, *inter alia*, a declaration detailing the invoices she received from Slavet and the amounts paid. She also attached a copy of the representation agreement and copies of Slavet's billing invoices with detailed time records. Although Slavet had sought to intervene for the limited purpose of supporting an application for attorney's fees, the Board denied this motion. Ms. Rumsey then supplemented her motion for attorney's fees. This filing made clear that Ms. Rumsey sought a fee award for any addi-

tional amounts that were paid to Slavet. It attached a declaration from Slavet regarding the nature of the work she performed and this declaration included a copy of the representation agreement, billing invoices, detailed time records, and a statement of account showing amounts paid by Ms. Rumsey.

At the time of Ms. Rumsey's motion for attorney's fees, Ms. Rumsey and Slavet were in a disagreement as to the outstanding invoices. Slavet claimed that Ms. Rumsey owed her an additional $145,000 for her services, and Ms. Rumsey claimed that Slavet's fees were excessive. The parties submitted their dispute to arbitration with the District of Columbia Bar, Attorney/Client Arbitration Board. At the request of Ms. Rumsey, the arbitration was stayed pending the initial decision of the administrative judge regarding the motion for attorney's fees. The Board was made aware of the existence of this fee dispute.

Because of the fee dispute, in filing Slavet's declaration with the Board, Ms. Rumsey distanced herself from Slavet. She stated that Slavet's views expressed in the declaration were "solely those of Ms. Slavet" and that "Ms. Rumsey's positions diverge from those expressed by Ms. Slavet, including (but not limited to) Ms. Slavet's interpretation of her retention agreement with Ms. Rumsey, as well as the hours, time charges and receipts." J.A. 172–73. In briefing her motion for attorney's fees, Ms. Rumsey stated: "The Agency also claims that much of Ms. Slavet's work was 'excessive' and her 'bills are full of meritless, unrecoverable, and frivolous legal work' . . . . [T]here may be some truth to this claim that Ms. Slavet's time charges should not be fully compensable." J.A. 413.

In October 2014, an initial decision by the administrative judge denied Ms. Rumsey's motion for attorney's fees in its entirety with respect to the representation by Slavet for failure to show that the fees claimed were reasonable. From a "perusal of the various invoices," the administra-

tive judge concluded that they were "cursory, vague and confusing," they relied on initials and abbreviations, and they included some entries for clerical work and consultation with media, which are not legal services. J.A. 105. The administrative judge found that since Ms. Rumsey "expressly did not attest to or show the reasonableness of Slavet's fees, no amount can be awarded." J.A. 106. The administrative judge had also previously noted various deficiencies in Slavet's representation of Ms. Rumsey, such as the submission of "many redundant, rambling and repetitive pleadings," J.A. 382, her "repeated failure to meet filing deadlines and repeated inability to submit complete filings," J.A. 384, and a "pattern of disregarding deadlines," J.A. 386. The administrative judge previously awarded sanctions against Ms. Rumsey for Slavet's failure to respond to the agency's discovery requests and an order compelling a response.

On March 19, 2015, Ms. Rumsey and Slavet entered a settlement agreement in the fee dispute. They agreed that of the $145,445.09 in outstanding fees sought by Slavet, Ms. Rumsey would pay a total of $120,000.

As ordered by the Board, Ms. Rumsey submitted this settlement agreement for consideration with her petition for review. The Board affirmed the decision of the administrative judge with respect to attorney's fees for Slavet's representation. The Board concluded that Ms. Rumsey failed to carry her burden of showing that the fees sought were reasonable and there was no factual basis to conclude that any amount was recoverable, finding that Ms. Rumsey did not "vouch for the reasonableness" of the fee invoices. J.A. 4.

Before the Board, the agency also argued that because Ms. Slavet became a federal employee in April 2012, conflict of interest laws codified at 18 U.S.C. §§ 203(a) and 205(a) preclude an award for her legal services rendered

prior to federal employment. The Board did not reach this position, which seems to be devoid of support.

Ms. Rumsey petitions for review of the Board's decision. 5 U.S.C. § 7703(b)(1)(A). We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We review decisions by the Board and "set aside any agency action, findings, or conclusions found to be—(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). We review questions of law, including interpretations of statutes or regulations, de novo. *Welshans v. U.S. Postal Serv.*, 550 F.3d 1100, 1102 (Fed. Cir. 2008).

## I

When a petitioner prevails before the Board and the Board orders corrective action, 5 U.S.C. § 1221(g)(1)(B) mandates that such "[c]orrective action *shall include attorney's fees* and costs," including those due both at the Board level and on appeal.[1] (emphasis added). We think

---

[1]     5 U.S.C. §§ 1221(g)(2)–(3) provide:

(2) If an employee, former employee, or applicant for employment is the prevailing party before the Merit Systems Protection Board, and the decision is based on a finding of a prohibited personnel practice, *the agency involved shall be liable to the employee, former employee, or applicant for reasonable attorney's fees and any other reasonable costs incurred.*

that the mandatory language of these provisions makes clear that a petitioner who is a prevailing party is entitled to attorney's fees and costs, even if the supporting documentation is in some way deficient.

To be sure, "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Submission of invoices and billing records is how fee applicants routinely satisfy this burden of showing reasonable hours expended. *See, e.g., Webb v. Bd. of Educ.*, 471 U.S. 234, 238 n.6 (1985) ("Contemporaneously recorded time sheets are the preferred practice" over "a reconstruction of the hours . . . counsel spent on the matter."). And, "[c]ourts customarily require the applicant to produce contemporaneous billing records or other sufficient documentation so that the district court can fulfill its duty to examine the application for noncompensable hours." *Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1044 (5th Cir. 2010) (quoting *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995)). While "counsel . . . is not required to record in great detail how each minute of his time was expended . . . at least counsel should identify the general subject matter of his time expenditures." *Hensley*, 461 U.S. at 437 n.12.

---

(3) If an employee, former employee, or applicant for employment is the prevailing party in an appeal from the Merit Systems Protection Board, *the agency involved shall be liable to the employee, former employee, or applicant for reasonable attorney's fees and any other reasonable costs incurred, regardless of the basis of the decision.*

(emphases added).

Courts routinely determine that reductions are necessary for hours that are excessive and redundant. *See, e.g.*, *Blum v. Stenson*, 465 U.S. 886, 902 n.19 (1984) ("A district court is expressly empowered to exercise discretion in determining whether an award is to be made and if so its reasonableness."). "If fee applicants do not exercise billing judgment, courts are obligated to do it for them, to cut the amount of hours for which payment is sought, pruning out those that are 'excessive, redundant, or otherwise unnecessary.'" *ACLU v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999).

The role of opposing counsel in this situation is to identify unrecoverable expenditures. Before the Board, the agency here argued, *inter alia*, that certain hours were unreasonable because they related to untimely and meritless motions, an untimely response to a motion for sanctions, and a legal theory foreclosed by a prior sanction order. The agency also argued that the records failed to sufficiently identify the subjects of certain tasks, meetings, and telephone calls. These objections applied to only 20 percent of the approximate total of 780 hours billed by Slavet for which Ms. Rumsey sought an award of attorney's fees.

Instead of examining the record before it and the agency's objections, the Board found that Ms. Rumsey had "acknowledged that much of Ms. Slavet's work was 'excessive' and that her invoices were 'full of meritless, unrecoverable, and frivolous legal work,'" J.A. 4, and then agreed with the administrative judge's reasoning that Slavet's invoices constituted inadequate documentation. The Board's statement is not an accurate description of Ms. Rumsey's concession. She simply quoted the agency's arguments and conceded that "there may be some truth to th[e] claim that Ms. Slavet's time charges should not be fully compensable." J.A. 413.

The Board's approach is not consistent with our precedent. We have held that "[w]here documentation is inadequate, the district court is not relieved of its obligation to award a reasonable fee." *Slimfold Mfg. Co. v. Kinkead Indus., Inc.*, 932 F.2d 1453, 1459 (Fed. Cir. 1991) (quoting *Norman v. Hous. Auth.*, 836 F.2d 1292, 1303 (11th Cir. 1988)). In *Slimfold*, the district court determined that the case was exceptional for the purposes of attorney's fees under 35 U.S.C. § 285 but found the patentee's showing to be deficient. We reversed one of the infringement findings on appeal and remanded for reconsideration of § 285. We noted that, as here, the "fee application certainly had its flaws, [but] it is fairly detailed and extensive," and "a district court itself has experience in determining what are reasonable hours and reasonable fees, and should rely on that experience and knowledge if the documentation is considered inadequate." *Slimfold*, 932 F.2d at 1459; *see also Thompson v. Pharmacy Corp. of Am., Inc.*, 334 F.3d 1242, 1246 (11th Cir. 2003) ("[T]he district court's conclusion that Ms. Munson should receive *no compensation* for the time she spent on the fee issue was an abuse of discretion. . . . [W]e are confident that *some* legitimate time was expended . . . .").

Although *Slimfold* involved attorney's fees under 35 U.S.C. § 285, as the Supreme Court has recognized, the construction of one provision "may be influenced by language of other statutes which are not specifically related, but which apply to similar persons, things, or relationships." *Nat'l Fed'n of Fed. Emps. v. Dep't of Interior*, 526 U.S. 86, 105 (1999) (quoting 2B N. Singer, *Sutherland on Statutory Construction* § 53.03, at 233 (5th ed. 1992)); *see also Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 580 (2008) (relying on *Missouri v. Jenkins*, 491 U.S. 274 (1989), which construed the attorney's fee provision of 42 U.S.C. § 1988, to construe 5 U.S.C. § 504(b)(1)(A)). This is indeed an easier case than *Slimfold*, since § 285 provides that a court "*may award* reasonable attorney fees,"

whereas 5 U.S.C. § 1221(g)(1)(B) is mandatory and provides that "[c]orrective action *shall include* attorney's fees and costs." (emphases added.)

The government is unable to meaningfully distinguish the situation in *Slimfold* from the situation in this case. Here, Ms. Rumsey submitted extensive billing records and other information concerning Slavet's charges, the type of information usually used to support an award of attorney's fees. In fact, this is precisely the type of information (with similar detail) that the Board relied on to award attorney's fees for the other two attorneys or firms.

Ms. Rumsey's concessions provide no basis for a denial of all fees for Slavet's representation. While Ms. Rumsey questioned some of Slavet's hours, refused to "vouch for the reasonableness of the itemized charges listed on the invoices," J.A. 4, and expressed her opinion that "there may be some truth to th[e] claim that Ms. Slavet's time charges should not be fully compensable," J.A. 413, she never suggested that Slavet's charges were *entirely* unwarranted. Indeed, she agreed to pay the bulk of Slavet's charges. While Ms. Rumsey's statements regarding Slavet's declaration and billing invoices might be viewed as evidence that the agency and the Board should take a careful look to see whether *particular hours* were unreasonable, they cannot be viewed as an admission that *all* of the itemized records were unreasonable. Under these circumstances, we see no basis for denying attorney's fees in their entirety.

The Board had an obligation to review these records, identify any hours that were "excessive, redundant, or otherwise unnecessary," *ACLU*, 168 F.3d at 428, determine the appropriate hourly rate and, if applicable, any multiplier, and award a reasonable fee. *See* 5 U.S.C. §§ 1221(g)(1)(B), (g)(2). On petition for review in this court, Ms. Rumsey does not challenge the award of attorney's fees for her other two lawyers or firms, which was

reduced by 60 percent, and concedes that a similar reduction is applicable to any award for Slavet's services. We may assume that the Board would agree and include a similar such reduction.

## II

Before the Board, the agency alternatively argued that federal conflict of interest laws, including 18 U.S.C. §§ 203(a) and 205(a), precluded any award for Slavet's representation of Ms. Rumsey because Slavet is a current federal employee.

Section 205(a) provides penalties for, *inter alia*,

[w]hoever, being an officer or employee of the United States . . . receives any gratuity, or any share of or interest in any . . . claim [against the United States], in consideration of assistance in the prosecution of such claim.

Section 203(a) provides penalties for, *inter alia*,

[w]hoever, . . . directly or indirectly . . . demands, seeks, receives, accepts, or agrees to receive or accept any compensation for any representational services, as agent or attorney or otherwise . . . at a time when such person is an officer or employee or . . . of the United States . . . in relation to any proceeding . . . in which the United States is a party or has a direct and substantial interest.

An opinion by the Office of Legal Counsel found that § 203 barred recovery of attorney's fees by a lawyer currently employed by the government when those fees related to prior representation of a client in proceedings before the Board. U.S. Dep't of Justice, Office of Legal Counsel, Attorney's Fees for Legal Service Performed Prior to Federal Employment, 1999 WL 33219985 (Feb. 11, 1999).

While these provisions might apply to the receipt of an award of attorney's fees by Slavet as a current federal

employee, we see nothing that bears on *Ms. Rumsey's* ability to lawfully collect attorney's fees pursuant to 5 U.S.C. §§ 1221(g)(1)(B)–(g)(2). Such fees are properly the property of Ms. Rumsey, as the employee, not Slavet, the attorney. *See id.* § 1221(g)(2) ("[T]he agency involved shall be liable *to the employee . . .* for reasonable attorney's fees and any other reasonable costs incurred.") (emphasis added); *cf. Jensen v. Dep't of Transp.*, 858 F.2d 721, 723–24 (Fed. Cir. 1988) (holding that an award of attorney's fees under another provision, 5 U.S.C. § 7701(g)(1), with markedly different language,[2] must be paid to counsel, not the former employee). This is especially so given that Slavet did not preserve in the settlement agreement with Ms. Rumsey any claim for additional fees. Slavet also agreed to irrevocably forfeit any such claim upon entering federal employment. Thus, Slavet has no outstanding interest in an award of attorney's fees to Ms. Rumsey, and the statutes on which the agency relies are inapplicable to Ms. Rumsey.

CONCLUSION

The decision by the Board is reversed and the case is remanded for further proceedings consistent with this opinion.[3]

---

[2]    Section 7701(g)(1) provides: "the Board . . . may require payment by the agency involved of reasonable attorney fees incurred by an employee or applicant for employment if the employee or applicant is the prevailing party and the Board . . . determines that payment by the agency is warranted in the interest of justice."

[3]    To the extent that Ms. Rumsey is ultimately successful in her claim for attorney's fees for Slavet's representation, the Board should award appropriate fees for the work of Robert Burka, Esq., in securing that award before the Board and in this court.

## REVERSED AND REMANDED

### Costs

Costs to Ms. Rumsey.