# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JUNE T. SOOTER,
          Appellant,

       v.

DEPARTMENT OF COMMERCE,
          Agency.

DOCKET NUMBER
CH-1221-12-0588-B-1

DATE: April 1, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

June T. Sooter, Lebanon, Kentucky, pro se.

Frances C. Silva, Esquire, Washington, D.C., for the agency.

## BEFORE

Raymond A. Limon, Vice Chair
Tristan L. Leavitt, Member

## FINAL ORDER

The appellant has filed a petition for review of the remand initial decision in this individual right of action (IRA) appeal, granting in part her motion for consequential damages and attorney fees. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the remand initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 In an initial decision in the underlying appeal, the administrative judge granted corrective action and denied interim relief. MSPB Docket No. CH-1221-12-0588-W-1, Initial Appeal File, Tab 59, Initial Decision at 10-11. The administrative judge found that, even if the agency had not terminated the appellant, her temporary appointment would have since expired. *Id.* On review, the Board found no basis upon which to disturb these findings. Nevertheless, the Board remanded the appeal for further development regarding the proper corrective action for a temporary employee. *Sooter v. Department of Commerce*, MSPB Docket No. CH-1221-12-0588-W-1, Remand Order (April 2, 2015).

¶3 On remand, the administrative judge notified the parties that the matter before her was an addendum proceeding to address corrective action, damages, and attorneys' fees. Remand Appeal File (RAF), Tab 5. Thus, she ordered the parties to submit a request for any corrective action, damages (including back wages), and attorneys' fees in the form of an affidavit. *Id.* In addition, the appellant was ordered to state the reasons why she was entitled to recover the amount sought, and to provide any supporting documentation. *Id.*

¶4      In accordance with the Board's remand order, the administrative judge developed the record regarding the proper corrective action. The administrative judge, moreover, adjudicated the claims of costs and attorneys' fees at the same time, rather than addressing them in a separate addendum proceeding. Specifically, the administrative judge held a status conference on November 3, 2015, to address any outstanding issues, and she identified those damages on which the parties agreed.[2] RAF, Tab 16. The appellant submitted an affidavit claiming a total of $5,351.91 in damages, whereas the agency claimed that the appellant was owed $1,712.61, minus appropriate deductions. RAF, Tabs 6, 14.

¶5      Based on the evidence submitted by the parties, the administrative judge found that the appellant's claim that she would have remained employed beyond her not-to-exceed (NTE) date of August 24, 2010, was purely speculative and unsupported by the evidence. RAF, Tab 20, Remand Initial Decision (RID) at 4. The administrative judge observed that the agency submitted credible and unrebutted evidence showing that on October 22, 2010, it permanently closed the office in which the appellant previously worked and then closed another office in the same state on November 5, 2010, leaving only a "skeleton staff." The administrative judge also found that both the number of crew leaders, like the appellant, and their assigned work hours, diminished substantially from July 24 through August 28, 2010, at both locations. RID at 4. Thus, the administrative judge found that, although the appellant contended that she would have been one of the crew leaders selected to remain past the final week, there was no evidence to support her claim that she would have continued employment beyond her NTE date. *Id.*

¶6      Regarding the appellant's claim for damages, the administrative judge found that the appellant was entitled to consequential damages, which were limited to reimbursement for her specific losses and expenses resulting from the

---

[2] While the administrative judge indicates that she held "multiple" status conferences, she only has provided a summary for the November 3, 2015 conference. RAF, Tab 16.

agency's unjustified retaliatory conduct.  RID at 4; *see* 5 U.S.C. § 1221(g)(1)(A).  The administrative judge reviewed the evidence concerning back pay and the status of the two closed offices, as well as the number of crew leaders receiving pay during the relevant period of time, and concluded that the agency owed the appellant $888.83, plus the appropriate interest as set by the Office of Personnel Management.  RID at 5-7, 11.  Additionally, the administrative judge found that the appellant was entitled to reimbursement of $342.87 for mileage, and $99.60 in faxing and copying fees, for a total of $442.47.  RID at 8-9, 11.  Regarding attorney fees, the administrative judge granted the $775.81 fees requested by the appellant.  RID at 11-12.

¶7        The appellant has filed a petition for review.  Remand Petition for Review (RPFR) File, Tab 1.  The agency has filed a response.  RPFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶8        On review, the appellant has requested "a complete review of this case," and challenges the proceedings related to the processing of the underlying appeal.  For instance, she asserts that the administrative judge who handled her appeal after initial settlement efforts were unsuccessful was biased, as shown by the way the administrative judge "cut [her] off," did not allow her to ask questions of agency witnesses during the hearing, told her she was not entitled to attorney fees, and allowed the agency to change its defense as to the charged misconduct.  RPFR File, Tab 1.  The Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence.  *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980).

¶9        The appellant should have raised these arguments during the processing of the initial appeal.  Because the appellant is raising these arguments for the first time on review of the remand initial decision, without a showing that her

arguments are based on new and material evidence not previously available despite her due diligence, we need not address them. *Id.*

¶10 To the extent her arguments can be interpreted as alleging bias by the administrative judge during the remand proceedings, the Board has long held that, in making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980). An allegation of bias by an administrative judge must be raised as soon as practicable after a party has reasonable cause to believe that grounds for disqualification exist, and must be supported by an affidavit. *Lee v. U.S. Postal Service*, 48 M.S.P.R. 274, 280-82 (1991). An administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if her comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)).

¶11 Here, the appellant's allegations regarding the conduct of the administrative judge do not evidence antagonism or favoritism. First, she has not supported her claims of bias with an affidavit. Second, her dissatisfaction with the administrative judge's adjudicatory rulings does not establish bias. *See Coufal v. Department of Justice*, 98 M.S.P.R. 31, ¶¶ 10-11 (2004) (finding that an administrative judge's rulings alone are insufficient to establish bias); RPFR File, Tab 1 at 6. Third, we have reviewed the record and find no evidence to support her bias allegations. Therefore, we find that the appellant's claims of bias fail to provide a basis to disturb the remand initial decision.

¶12 The appellant also challenges the administrative judge's findings concerning her back pay and her reliance upon pay documents submitted by the agency regarding the amount of pay she would have likely received during the relevant period. The appellant appears to argue that these documents should have

been excluded because they were produced for a first time on remand, long after her 2010 termination. PFR File, Tab 1 at 6.

¶13 However, as stated above, because the appellant's position was a temporary NTE appointment and there was a question as to whether she would have remained employed until the end of her NTE period, we remanded this appeal for further development of the record. Thus, any documents provided by the agency concerning the relevant pay periods and the closing dates of the agency's offices in the appellant's state of employment were relevant to the question of whether she would have remained employed through the end of her NTE appointment. Therefore, the administrative judge properly admitted the agency's documents into the record. Moreover, while the appellant challenges the reliance upon the agency's evidence regarding back pay and asserts that she should have received $3,262.63 in lost wages, plus appropriate interest, she has provided no evidence, either below or on review, in support of this claim. Accordingly, we find no reason to disturb the administrative judge's determination that the appellant is owed $888.83, plus interest at the appropriate rate, in back pay.

¶14 Finally, the appellant contends that she is entitled to an additional $3,250.80 "as payment for the wrongful termination and the ensuing mental, physical, and emotional anguish." RPFR File, Tab 1 at 6. However, as was set forth in the Board's remand order, an appellant who prevails in an IRA appeal is entitled to status quo ante relief that includes the following: cancelling the retaliatory personnel action; reinstatement to her former position or to another substantially equivalent position, as appropriate; back pay; interest on back pay; and other employment benefits that she would have received had the action not occurred. *Schnell v. Department of the Army*, 114 M.S.P.R. 83, ¶ 18 (2010); *Sooter*, MSPB Docket No. CH-1221-12-0588-W-1, Remand Order (April 2, 2015). An appellant who prevails also is eligible for relief that exceeds the status quo ante, including medical costs incurred, travel expenses, other reasonably foreseeable consequential damages, and may request that disciplinary action be

imposed against agency officials who engaged in retaliatory conduct. *Samble v. Department of Defense*, 98 M.S.P.R. 502, ¶ 15 (2005); *Newcastle v. Department of the Treasury*, 94 M.S.P.R. 242, ¶ 8 (2003); 5 C.F.R. § 1201.202(b).

¶15   Our reviewing court, the U.S. Court of Appeals for the Federal Circuit, has determined that the term "consequential damages" in 5 U.S.C. § 1221(g) is limited to reimbursement of out-of-pocket costs to make an individual whole for an improper personnel action but does not include nonpecuniary damages. *Bohac v. Department of Agriculture*, 239 F.3d 1334, 1343 (Fed. Cir. 2001). Applying *Bohac*, the Board has explained that, to receive a consequential damages award, an appellant must prove that she incurred consequential damages and that her claimed damages were reasonable, foreseeable, and causally related to the agency's prohibited personnel practice. *King v. Department of the Air Force*, 122 M.S.P.R. 531, ¶ 7 (2015); *Johnston v. Department of the Treasury*, 100 M.S.P.R. 78, ¶ 13 (2005). The appellant did not request medical expenses or provide medical documentation below, and therefore we decline to award such expenses on review.[3]

¶16   Here, the administrative judge properly allowed the parties to further develop the record, as instructed, before determining appropriate corrective action and damages. RAF, Tabs 5-6, 8-15, 17-19. The administrative judge then thoroughly reviewed the evidence and made reasoned findings based on the record. *See* RID. Accordingly, we find no basis upon which to disturb the damages awarded in the remand initial decision.

---

[3] To the extent that the appellant is seeking compensatory damages, her claim predates the enactment of the Whistleblower Protection Enhancement Act, which allows for such damages. *King v. Department of the Air Force*, 119 M.S.P.R. 663, ¶¶ 1, 15 (2013). As such, the Board is without authority to award the appellant compensatory damages. *Id.*, ¶¶ 20-21.

**ORDER**

¶17 We ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Office of Personnel Management's regulations, consequential damages, and attorneys' fees[4] no later than 60 calendar days after the date of this decision. We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the Board's Order. If there is a dispute about the amount of back pay, interest due, and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

¶18 We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order. The appellant, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

¶19 No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency. 5 C.F.R. § 1201.182(a).

¶20 For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation

---

[4] The agency shall pay the ordered amount of attorneys' fees directly to the appellant, not to the attorneys as set forth in the remand initial decision. RID at 11-12; *see Rumsey v. Department of Justice*, 866 F.3d 1375, 1382 (Fed. Cir. 2017) (finding that, under 5 U.S.C. §§ 1221(g)(1)(B)-(g)(2), an award of fees is property of the appellant, not the attorney).

necessary to process payments and adjustments resulting from a Board decision are attached. The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60‑day period set forth above.

## NOTICE TO THE PARTIES

A copy of the decision will be referred to the Special Counsel "to investigate and take appropriate action under [5 U.S.C.] section 1215," based on the determination that "there is reason to believe that a current employee may have committed a prohibited personnel practice" under 5 U.S.C. § 2302(b)(8) or section 2302(b)(9)(A)(i), (B), (C), or (D). 5 U.S.C. § 1221(f)(3). Please note that while any Special Counsel investigation related to this decision is pending, "no disciplinary action shall be taken against any employee for any alleged prohibited activity under investigation or for any related activity without the approval of the Special Counsel." 5 U.S.C. § 1214(f).

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. \_\_\_\_ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6] The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: /s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.


# DFAS BACK PAY CHECKLIST

The following documentation is required by DFAS Civilian Pay to compute and pay back pay pursuant to 5 CFR 550.805.  Human resources/local payroll offices should use the following checklist to ensure a request for payment of back pay is complete.  Missing documentation may substantially delay the processing of a back pay award.  **More information may be found at: https://wss.apan.org/public/DFASPayroll/Back%20Pay%20Process/Forms/AllItems.aspx.**

**NOTE: Attorneys' fees or other non-wage payments (such as damages) are paid by vendor pay, not DFAS Civilian Pay.**

☐    1) Submit a **"SETTLEMENT INQUIRY - Submission"** Remedy Ticket. Please identify the specific dates of the back pay period within the ticket comments.

Attach the following documentation to the Remedy Ticket, or provide a statement in the ticket comments as to why the documentation is not applicable:

☐    2) Settlement agreement, administrative determination, arbitrator award, or order.

☐    3) Signed and completed "Employee Statement Relative to Back Pay".

☐    4) All required SF50s (new, corrected, or canceled). **\*\*\*Do not process online SF50s until notified to do so by DFAS Civilian Pay.\*\*\***

☐    5) Certified timecards/corrected timecards. **\*\*\*Do not process online timecards until notified to do so by DFAS Civilian Pay.\*\*\***

☐    6) All relevant benefit election forms (e.g. TSP, FEHB, etc.).

☐    7) Outside earnings documentation. Include record of all amounts earned by the employee in a job undertaken during the back pay period to replace federal employment. Documentation includes W-2 or 1099 statements, payroll documents/records, etc. Also, include record of any unemployment earning statements, workers' compensation, CSRS/FERS retirement annuity payments, refunds of CSRS/FERS employee premiums, or severance pay received by the employee upon separation.

**Lump Sum Leave Payment Debts:** When a separation is later reversed, there is no authority under 5 U.S.C. 5551 for the reinstated employee to keep the lump sum annual leave payment they may have received. The payroll office must collect the debt from the back pay award. The annual leave will be restored to the employee. Annual leave that exceeds the annual leave ceiling will be restored to a separate leave account pursuant to 5 CFR 550.805(g).



## NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts.

1. Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2. The following information must be included on AD-343 for Restoration:

   a.  Employee name and social security number.
   b.  Detailed explanation of request.
   c.  Valid agency accounting.
   d.  Authorized signature (Table 63)
   e.  If interest is to be included.
   f.  Check mailing address.
   g.  Indicate if case is prior to conversion.  Computations must be attached.
   h.  Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected. (if applicable)

## Attachments to AD-343

1.  Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement. (if applicable)

2.  Copies of SF-50's (Personnel Actions) or list of salary adjustments/changes and amounts.

3.  Outside earnings documentation statement from agency.

4.  If employee received retirement annuity or unemployment, provide amount and address to return monies.

5.  Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)

6.  If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.

7.  If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE:  If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases: (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

   a.  Must provide same data as in 2, a-g above.
   b.  Prior to conversion computation must be provided.
   c.  Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.