**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

ELIZABETH A. EMOND,
               Appellant,

      v.

OFFICE OF PERSONNEL
  MANAGEMENT,
               Agency,

     and

JANICE BURNS,
               Intervenor.

DOCKET NUMBER
DC-831M-12-0383-A-1

DATE: August 4, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

John J. Rigby, Esquire, Arlington, Virginia, for the appellant.

Cynthia Reinhold, Washington, D.C., for the agency.

Rebecca Wade, Esquire, Alexandria, Virginia, for the intervenor.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**FINAL ORDER**

¶1      The agency has filed a petition for review of the addendum initial decision, awarding the appellant attorney fees in the amount of $105,568.80, sought in connection with her appeal in which she challenged decisions of the Office of Personnel Management (OPM) that she had been overpaid in former spouse survivor annuity benefits and that she was not entitled to waiver of collection of the overpayment. For the reasons discussed below, we GRANT OPM's petition for review in part and AFFIRM the addendum initial decision AS MODIFIED, reducing the award to $85,047.45. Except as expressly MODIFIED by this Final Order, we AFFIRM the addendum initial decision.

**BACKGROUND**

¶2      When her former spouse, Mr. Burns, died in 2008, the appellant sought a survivor benefit based on his Federal service and pursuant to a final decree of divorce entered into on March 24, 1989, awarding her a former spouse retirement annuity. *Emond v. Office of Personnel Management*, MSPB Docket No. DC-831M-12-0383-I-1, Initial Appeal File (I-1 IAF), Tab 4 at 96. OPM honored the court order and granted the appellant a former spouse survivor annuity under the Civil Service Retirement System. *Id.* at 92. On the same day, OPM advised Mr. Burns' mother that she was not eligible for survivor benefits as a result of her son's death because the appellant, as a former spouse, was entitled to monthly annuity payments. *Id.* at 69. The executor of Mr. Burns' estate subsequently submitted a certified copy of a final decree of divorce between the appellant and Mr. Burns, also entered into on March 24, 1989, which differed from the decree the appellant had submitted in that it did not contain any language awarding the appellant a survivor annuity, *id.* at 71-76, and, based on that decree, Mr. Burns' mother again sought benefits, *id.* at 68. On May 26, 2010, OPM issued one decision advising the appellant that, based on the additional documentation it had received, she was not eligible for a former spouse

survivor annuity, *id.* at 54, and another stating that, accordingly, she had been overpaid in the amount of $62,739.96, I-1 IAF, Tab 1 at 65-66. In its reconsideration decision, OPM explained that, based on the certified copy of the final divorce decree it had received from the court, which did not award the appellant a survivor annuity, she must return to the Retirement Fund all monies paid her, I-1 IAF, Tab 4 at 10, and further that, unless she could present indisputable evidence that the court order she provided was authentic, OPM could not honor it, *id.* at 12. OPM also advised the appellant that she was not totally without fault in the matter and that, therefore, she did not meet the eligibility requirements for waiver of collection of the overpayment. *Id.*

¶3    On appeal, the appellant argued that the copy of the divorce decree she submitted was certified on August 6, 2002, and that there was no information to indicate that it was in any way invalid. I-1 IAF, Tab 1 at 17. The administrative judge agreed and reversed OPM's reconsideration decision. *Emond v. Office of Personnel Management*, MSPB Docket No. DC-831M-12-0383-I-2, Appeal File, Tab 4, Initial Decision (I-2 ID) at 1, 8. Notwithstanding the conflicting order that the executor of Mr. Burns' estate had submitted, the administrative judge found that there was no evidence whatsoever that the appellant's certified copy was invalid or in any way illegitimate, that she was entitled to a former spouse survivor annuity, and that therefore no overpayment had occurred. I-2 ID at 5.

¶4    On petition for review, OPM argued that the administrative judge erred by not requiring the appellant to prove her entitlement to the benefit she sought and in not examining or inquiring into the best evidence of the authenticity of documents. *Emond v. Office of Personnel Management*, MSPB Docket No. DC-831M-12-0383-I-2, Petition for Review (I-2 PFR) File, Tab 1. Determining that the record was not fully developed on the issue of which copy of the court decree was invalid, the Board directed OPM to obtain an order from the state court specifically declaring that either the copy of the decree submitted by the appellant, or the one submitted by Mr. Burns' estate, was invalid. I-2 PFR

File, Tab 11. OPM submitted a number of documents, which it argued established that the appellant was not awarded a former spouse survivor annuity, but it did not submit a definitive order from the state court, as directed by the Board. I-2 PFR File, Tab 14

¶5 The Board determined that the rights and interests of Mr. Burns' estate could be affected by the decision in this case and afforded the executor the right to participate in the appeal as an intervenor. I-2 PFR File, Tab 16. Subsequently, Mr. Burns' mother died, and her daughter filed a motion to intervene in the proceedings. I-2 PFR File, Tab 18. The Board granted the request, ordering the intervenor to file an order from the state court declaring that the copy of the divorce decree submitted by the appellant as the basis for her survivor annuity was invalid or had been set aside. I-2 PFR File, Tab 20. Ultimately, the intervenor submitted a true, certified copy of an order signed by a judge of the Circuit Court of Fairfax County, Virginia, after a hearing, finding that the "alleged Final Decree of Divorce" that was "allegedly certified" by the court on August 6, 2002 (the copy originally submitted to OPM by the appellant) "is not a true and accurate copy of this court's true Order" and that the final decree of divorce (the copy originally submitted by the executor of Mr. Burns' estate, by OPM during these proceedings, and by the intervenor) "is a true and accurate copy of this Court's final order and should be given full faith and credit and enforced as an order of this Court." I-2 PFR File, Tab 28 at 46-47, 58-61, 63-66.

¶6 Based on this evidence, the Board vacated the administrative judge's finding regarding the validity of the decree submitted by the appellant and affirmed OPM's reconsideration decision finding that, because she was not, in fact, eligible for the former spouse survivor annuity she had received, she had been overpaid. *Emond v. Office of Personnel Management*, MSPB Docket No. DC-831M-12-0383-I-2, Final Order at 8 (June 25, 2015). The Board remanded the appeal for further adjudication, however, directing OPM to prove by preponderant evidence not only the existence, but also the amount, of the

overpayment, and also to consider the issue regarding waiver of collection of the overpayment. *Id.* at 8-9. On remand, the administrative judge found it undisputed that the amount of the overpayment was $62,739.96, *Emond v. Office of Personnel Management*, MSPB Docket No. DC-831M-12-0383-B-1, Remand File (RF), Tab 16, Remand Initial Decision (RID) at 2-3, but that the appellant was without fault because she performed no act of commission or omission which resulted in the overpayment, 5 C.F.R. § 831.1402, and that recovery was against equity and good conscience because repayment would cause her financial hardship. RID at 4-5. As such, the administrative judge reversed OPM's decision denying the appellant's request for waiver of the overpayment. RID at 5. The remand initial decision became the Board's final decision on November 13, 2015, when neither party filed a petition for review.

¶7        The appellant then filed a timely motion for attorney fees and costs incurred beginning in March 2010 when it first appeared that her continued right to the former spouse survivor annuity she was receiving might be in jeopardy, through the period when the Board decided that she was not, in fact, entitled to the annuity and had received an overpayment, and continuing until October 2015 when the administrative judge issued the remand initial decision reversing OPM's reconsideration decision denying the appellant's request for waiver of the overpayment. *Emond v. Office of Personnel Management*, MSPB Docket No. DC-831M-12-0383-A-1, Attorney Fees File (AFF), Tabs 1-2. The appellant sought fees at hourly rates ranging from $465 in 2010 to $568 in 2015,[2] AFF, Tab 1 at 39-40, plus costs, for an award of $61,019.74, which, she contended,

---

[2] For his work beginning in February 2014, and consistent with the retainer agreement, the appellant's counsel sought rates under the *Laffey* Matrix for each period of time at issue. AFF, Tab 1 at 28-29, 39-40, 80. The *Laffey* Matrix is a schedule maintained by the United States Attorney's Office in the District of Columbia that purports to show market rates for attorneys in the District of Columbia in cases where a statute permits the prevailing party to recover "reasonable" attorney fees. *Rumsey v. Department of Justice*, 123 M.S.P.R. 502, ¶ 17 n.6 (2016), *rev'd and remanded on other grounds by Rumsey v. Department of Justice*, 866 F.3d 1375 (Fed. Cir. 2017).

represented time spent through the decision by the administrative judge after remand by the Board, *id.* at 40. Subsequently, the appellant submitted a supplemental motion in the amount of $13,178.91 at the $568 hourly rate for fees and costs incurred in preparing the fee motion, AFF, Tab 4, and a second supplemental motion in the amount of $6,532.00 at the $568 rate for fees and costs incurred in responding to OPM's opposition to the fee motion and its request for a time extension, AFF, Tab 10. Finally, the appellant submitted another motion in the amount of $4,316.80 for fees at the $568 rate and costs incurred in responding to an order of the administrative judge.[3] AFF, Tab 15. In response, the agency conceded that the appellant was a prevailing party, that an attorney-client relationship existed, and that fees were incurred, but it argued that fees were not warranted in the interest of justice and that, even if they were, the amount requested was not reasonable. AFF, Tab 8.

¶8 In an addendum initial decision based on the written record, the administrative judge granted the appellant's request for fees in full. AFF, Tab 16, Addendum Initial Decision (AID) at 2, 5. The administrative judge found that an attorney-client relationship existed in connection with the Board appeal and that the appellant was the prevailing party. AID at 3. The administrative judge then found that fees were warranted in the interest of justice, first because the appellant was substantially innocent of the charges, given the administrative judge's finding that she was without fault in creating the overpayment, and second because OPM knew or should have known that it would not prevail on the merits, given that it had reversed itself, without explanation, regarding the

---

[3] With this motion, the appellant also revised upward her request for fees incurred through the decision of the administrative judge, after remand by the Board, from $61,019.74 to $81,541.09, making the total requested $105,568.80. AFF, Tab 12. We will address later in this decision the appellant's basis for, and the reasonableness of, the increase in this request.

appellant's fault[4] and also had violated an order compelling discovery during the remand proceeding.  AID at 3-4.  As for the reasonableness of the fees requested, the administrative judge found that the yearly increases in the hourly rates were provided for in the retainer agreement and were reasonable, AID at 4, as were the number of hours claimed, AID at 4-5.

¶9      The agency has filed a petition for review arguing solely that fees are not warranted in the interest of justice, Petition for Review (PFR) File, Tab 1 at 4, and the appellant has responded in opposition, PFR File, Tab 3.

## ANALYSIS

¶10      In retirement appeals, the most relevant categories for determining if an attorney fee award is warranted in the interest of justice are whether OPM knew or should have known when it issued its reconsideration decision that it would not prevail on appeal and whether OPM's action was clearly without merit.  *See Goldbach v. Office of Personnel Management*, 49 M.S.P.R. 9, 14-15 (1991); *Kent v. Office of Personnel Management*, 33 M.S.P.R. 361, 365-69 (1987).

Fees are warranted in the interest of justice because the agency knew or should have known that, regarding the issue of waiver, it would not prevail on the merits.

¶11      In arguing that the administrative judge erred in finding that fees are warranted under the "knew or should have known" standard, OPM submits that, when it issued its reconsideration decision, it had reasonable grounds to deny the appellant's application for a former spouse survivor annuity and to find that she was not without fault in creating the overpayment.  PFR File, Tab 1 at 21.  A determination that an award is warranted under the "knew or should have known" standard requires an evaluation of the record before OPM when the reconsideration decision was made.  *Goldbach*, 49 M.S.P.R. at 19.  In determining if an award is merited under this category, the Board considers whether OPM was

---

[4] In an earlier reconsideration decision, OPM had found that the appellant was not at fault in causing or contributing to the overpayment.  I-1 IAF, Tab 1 at 88.

negligent in processing the application, lacked a reasonable or supportable explanation for its position, or ignored clear, unrebutted evidence that the appellant satisfied the criteria for a benefit. *See Stewart v. Office of Personnel Management*, [70 M.S.P.R. 544](link), 548 (1996). The position OPM took in its reconsideration decision denying the appellant's request for waiver of the overpayment was that there was evidence in the file that showed the divorce decree she had submitted might have been altered for her to claim entitlement to a survivor annuity benefit and that, therefore, she was not totally without fault in the matter. RF, Tab 4 at 13. As the administrative judge found, however, there was no evidence in the file OPM submitted suggesting that the appellant altered the divorce decree. AID at 3-4. To the extent that such evidence existed, OPM failed to provide it and failed as well to respond to the appellant's discovery request.[5] RF, Tab 12. Further, when the administrative judge ordered OPM to respond fully, granting the appellant's motion to compel, RF, Tab 13, the agency indicated that the file it had earlier submitted was fully responsive to the appellant's discovery request, RF, Tab 14 at 6. In addition, the appellant steadfastly urged that the copy of the divorce decree she submitted was provided to her by her late husband and was certified by the court, that, based on that decree, she believed she was entitled to the former spouse survivor annuity benefit, and that she was unaware of any other version of the decree until Mr. Burns' mother submitted her copy. RF, Tab 15 at 28-31. The administrative judge found that OPM offered no evidence to contradict the appellant's sworn version of the facts. RID at 4.

¶12      Under the circumstances, we therefore agree with the administrative judge that, because OPM failed to show, at the time it issued its reconsideration decision on waiver, that it had a reasonable explanation for its position regarding the appellant's alleged alteration of the divorce decree, it knew or should have

---

[5] The appellant sought all documents regarding communications between individuals in OPM's Reconsideration Branch concerning her. RF, Tab 12.

known that it would not prevail on the merits of the waiver issue and that therefore fees are warranted in the interest of justice.[6]

¶13     As noted, OPM does not challenge on review the hourly rates charged by the appellant's counsel over the years of litigation or the hours expended. PFR File, Tab 1 at 4.  We find that the detailed and thorough billing records submitted by the appellant's counsel are not duplicative, padded, or excessive. AFF, Tabs 1, 4, 10, 15.  This includes time spent preparing the fee request, *Driscoll v. U.S. Postal Service*, 116 M.S.P.R. 662, ¶ 30 (2011), and replying to OPM's opposition and request for an extension of time and to the administrative judge's order.  OPM does, however, argue that fees should be reduced based on the appellant's limited success in the litigation.  We agree.

The fees awarded should be reduced to account for the appellant's limited success in this litigation.

¶14     In this case, the appellant's original challenge was to OPM's decision finding that, although she had received a former spouse survivor annuity for a period of time, she was not eligible for it.  As to that matter, she was ultimately not successful.  The appellant also challenged OPM's decision finding that,

---

[6] As noted, the administrative judge also found that fees are warranted in the interest of justice because the appellant was substantially innocent.  AID at 3-4.  The actual category provides that an attorney fee is warranted in the interest of justice when the action was clearly without merit or wholly unfounded, or the employee was substantially innocent of the charges.  *Allen v. U.S. Postal Service*, 2 M.S.P.R. 420, 433-35 (1980).  However, the Board has excluded the substantial innocence subcategory of this category from consideration in retirement-related appeals because the concept of innocence does not apply when no charges of misconduct are leveled against the individual seeking retirement benefits.  *Simmons v. Office of Personnel Management*, 31 M.S.P.R. 559, 565 (1986).  In any event, the Board has held that, once it finds that fees are warranted in the interest of justice under one *Allen* category, it need not consider whether fees are warranted under other *Allen* categories.  *Gensburg v. Department of Veterans Affairs*, 80 M.S.P.R. 187, ¶ 17 (1998).  Therefore, to the extent the administrative judge erred in finding that fees are warranted in the interest of justice because the appellant was substantially innocent, any such error did not prejudice her substantive rights.  *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984).

having received an overpayment, she was not eligible for waiver, and as to that matter, she was successful. As such, the appellant received partial, but not full, relief.

¶15     When a prevailing party makes more than one claim for relief, and the claims involve a common core of facts or are based on related legal theories, the fee determination should reflect the overall relief obtained in relation to the hours reasonably expended. *Guy v. Department of the Army*, 118 M.S.P.R. 45, ¶ 19 (2012). In a case in which the party seeking fees obtains only "partial or limited" success, the tribunal awarding fees has discretion to make an equitable adjustment as to what adjustment is appropriate. *Hensley v. Eckerhart*, 461 U.S. 424, 436-37 (1983); *Guy*, 118 M.S.P.R. 45, ¶¶ 19-20. In making an equitable adjustment of attorney fees on account of a prevailing party's partial or limited success, the tribunal may adjust downward the "lodestar," the hours reasonably spent on the litigation multiplied by a reasonable hourly rate, by identifying specific hours that should be eliminated or, in the alternative, by reducing the overall award to account for the limited degree of success. *Hensley*, 461 U.S. at 433, 436-37; *Guy*, 118 M.S.P.R. 45, ¶¶ 8, 20. The former method should be used when it is practicable to segregate the hours devoted to any related but unsuccessful claims; if that method is not practicable, then a percentage reduction should be imposed. *Guy*, 118 M.S.P.R. 45, ¶ 20.

¶16     On review, the agency argues that, because the appellant initially sought relief from OPM's denial of her claim for a former spouse survivor annuity, no fees should be awarded for time expended prior to June 25, 2015, since on that date the Board issued its decision denying her claim and finding that she was not, in fact, entitled to that benefit. PFR File, Tab 1 at 14-16. In response, the appellant contends that portion of the litigation also included consideration of the issue of whether she was at fault in creating and/or receiving the overpayment, an

issue that also is critical in determining if she would have to pay it back.[7] PFR File, Tab 3 at 9-10. The appellant's claim is borne out by the record. For example, in the appellant's September 16, 2010 request for reconsideration of OPM's decision finding that she was not entitled to a former spouse survivor annuity, she argued that, if OPM did not agree that she was entitled to the annuity, then repayment was inappropriate and waiver legally required under the circumstances. I-1 IAF, Tab 1 at 37-42, 50-60. OPM, in its February 27, 2012 reconsideration decision, addressed both issues. I-1 IAF, Tab 4 at 10-12. On appeal, the administrative judge determined that the sole issues were whether there was an overpayment and, if so, whether the appellant was entitled to waiver, I-2 IAF, Tab 8 at 3, and, in his initial decision finding that she was entitled to a former spouse survivor annuity and therefore was not overpaid, the administrative judge further found that, even if there was an overpayment, the appellant was entitled to waiver based on financial hardship, I-2 ID at 4-8.

¶17     We therefore agree with the appellant that both matters were at issue such that, as stated in his declaration, counsel's efforts pertained to both matters until the Board issued its decision on June 25, 2015. AFF, Tab 1 at 21-23. Nevertheless, it is not practicable to segregate the hours devoted to the appellant's unsuccessful challenge to OPM's denial of her request for a former spouse survivor annuity from the hours devoted to her successful claim for waiver of the overpayment. Therefore, we find it appropriate to reduce the overall award to account for the appellant's limited degree of success. *Hensley*, 461 U.S. at 436-37; *Guy*, 118 M.S.P.R. 45, ¶ 20. In so doing, we acknowledge that the Supreme Court has further addressed this issue post-*Hensley*, for example, cautioning against "double counting" factors by adjusting the lodestar figure where the results obtained are fully reflected in the reasonable hourly rate of the

---

[7] To be entitled to waiver of an overpayment, the appellant is required to show that she was without fault in creating the overpayment and that recovery would be against equity and good conscience. 5 C.F.R. § 831.1401.

attorneys and the reasonable number of hours expended. *Blum v. Stenson*, 465 U.S. 886, 899-900 (1984). In *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552-53 (2010), the Court reaffirmed that adjustments to the lodestar may be made only in "rare" and "exceptional" circumstances and that adjustments are warranted only where the lodestar figure fails to take into account a relevant consideration that is not subsumed therein.

¶18      In the instant case, the lodestar figure, which we have not disturbed, fails to take into account that, while the appellant did succeed in not having to pay back the money she improperly received as Mr. Burns' former spouse, on the issue which formed the basis for her appeal at the outset, her entitlement to maintain the former spouse survivor annuity she had been receiving, she was not successful. Because the lodestar figure does not take into account this relevant consideration, we find that this case presents an exceptional circumstance such that the factor "amount involved and results obtained" should be considered as a basis for departure from the lodestar figure. *Bywaters v. United States*, 670 F.3d 1221, 1230 (Fed. Cir. 2012). We therefore find it equitable to reduce by half the amount of fees requested for the time spent by counsel before June 25, 2015, and award the appellant $61,019.74 for this time.[8]

¶19      As discussed previously, the appellant is also entitled to $13,178.91 for preparation of the fee motion, $6,532.00 for responding to OPM's motions, and $4,316.80 for responding to the administrative judge's order. Thus, the appellant is entitled to a total award of $85,047.45.

---

[8] In fact, the appellant originally sought recovery for only half of the attorney fees and expenses for the first part of the case, before remand, in "an exercise of billing judgment," AFF, Tab 1 at 22, although she subsequently reconsidered her positon on this point and requested the full attorney fees and expenses for this part of the case, AFF, Tab 15 at 11.

**ORDER**

We ORDER the agency to pay the attorney of record $85,047.45 in fees and costs. The agency must complete this action no later than 20 days after the date of this decision. *See generally* title 5 of the United States Code, section 1204(a)(2) (5 U.S.C. § 1204(a)(2)).

We also ORDER the agency to tell the appellant and the attorney promptly in writing when it believes it has fully carried out the Board's Order and of the actions it took to carry out the Board's Order. We ORDER the appellant and the attorney to provide all necessary information that the agency requests to help it carry out the Board's Order. The appellant and the attorney, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

No later than 30 days after the agency tells the appellant or the attorney that it has fully carried out the Board's Order, the appellant or the attorney may file a petition for enforcement with the office that issued the initial decision on this appeal, if the appellant or the attorney believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant or the attorney believes the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency. *See* 5 C.F.R. § 1201.182(a).

**NOTICE OF APPEAL RIGHTS[9]**

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following

---

[9] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[10] The court of appeals must <u>receive</u> your petition for

---

[10] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on

review within **60 days** of <u>the date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals<br>
for the Federal Circuit<br>
717 Madison Place, N.W.<br>
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                          /s/ for
                                        _____
                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.