Mary L. **WILSON**, Petitioner,

v.

**DEPARTMENT OF HEALTH AND
HUMAN SERVICES**, Respondent.

No. 87–3381.

United States Court of Appeals,
Federal Circuit.

Dec. 7, 1987.

Peter B. Broida, of Passman & Broida, Washington, D.C., argued for petitioner.

Frank B. Flink, Jr., of the Dept. of Justice, Washington, D.C., argued for respondent. With him on the brief were Richard K. Willard, Asst. Atty. Gen., David M. Cohen, Director, and M. Susan Burnett, Asst. Director.

Before DAVIS, NEWMAN and ARCHER, Circuit Judges.

DAVIS, Circuit Judge.

This is an attorney's-fee appeal in which the Merit Systems Protection Board (MSPB or Board), Docket Nos. DC043283A0577 and DC531D83A0578, 33 M.S.P.R. 158, reduced the award sought by petitioner. Though the amount of the reduction was not large, petitioner says that it was unreasonable, arbitrary, and capricious—and therefore should be reversed. We agree and allow the full award sought by petitioner.

## I.

In *Wilson v. Department of Health and Human Services,* 770 F.2d 1048 (Fed.Cir. 1985), we reversed Ms. Wilson's demotion

for unacceptable performance. On remand, she was awarded back pay. Because she was obviously the prevailing party, her counsel applied to the Board for attorney fees of $13,708.67 for work done before the Board and this court.* The employing agency contested only the entitlement to fees, not the amount of the claim.

The presiding official, without holding a hearing, granted only $10,362.50 for attorney time and $36.19 for incidental expenses.[1] The reductions she made are the focus of this appeal. Instead of the eight hours sought for preparation of the fee motion, she allowed only five hours. She also disallowed all the fees sought for the principal attorney's associate. In a long opinion the full Board affirmed (in effect) the initial decision.

## II.

Petitioner's counsel complains that when the presiding official—not having held a hearing, and the agency not having contested the amount—decided on her own to reject certain of the attorney's submissions, she should have first communicated her problems to the attorney so that he could have the chance to supply reasons or new material and arguments.[2] We agree in substance. In the circumstances it was incumbent on the presiding official (now administrative judge) to give the attorney an opportunity to deal with the asserted deficiencies first raised by the presiding official. This could and should have been done informally and would not require an elaborate process or a formal hearing. Of course, an oral argument could be held.

We do not believe, however, that a full-scale hearing, with the formal presentation of witnesses and evidence, is required every time one or a few factual disputes surface. A hearing may well be called for when there are many disputes to be resolved, or a large amount is involved, or the problems are complex. *See, e.g., Lindy Brothers Builders, Inc. v. American Radiator and Standard Sanitary Corp.*, 487 F.2d 161 (3d Cir.1973). But we decline to rule that a hearing is mandatory simply because there is some dispute over amounts. Neither the statute nor the regulation calls for an automatic hearing (5 U.S.C. § 7701(g)(1); 5 C.F.R. § 1201.37) and the Supreme Court has cautioned that "[a] request for attorney's fees should not result in a second major litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983). In the current case, the problem could have been handled if the presiding official had simply communicated with the attorney, expressing her doubts and giving the attorney the opportunity to answer. That should have been done.

## III.

The presiding official deleted the work-time of the associate on the grounds that (1) his time-sheets were inadequate, and (2) his work was duplicative of the principal attorney's own efforts. These findings are not supported by substantial evidence. As they stand, the associate's time-sheets, although not fulsome or detailed, showed the time he spent and the general matters he worked on. They are comparable to many other time-sheets kept by attorneys in private practice.[3]

---

* Attorney fees were sought under the Civil Service Reform Act, not the Equal Access to Justice Act. There has been no objection at any time to the award of such fees for work done before this court.

1. The presiding official rejected the agency's argument against entitlement and the full Board denied review of the agency's appeal to it. No review is sought by the Government.

2. In the papers submitted with the fee motion, counsel stated that "[i]f ... there is any question relating to the reasonableness of the fees requested or the accuracy of the information presented in the presentations by counsel, then a hearing is requested in order to resolve those factual disputes." As we say, *infra*, we disagree as to the need for a hearing, but we certainly concur as to counsel's being given the opportunity to meet the presiding official's objections.

3. In Part II, *supra*, we have pointed out that, if the presiding official wanted more information, she should have asked for it. In the absence of such a request, we must evaluate the associate's time-sheets as they stand.

The other ground given in the initial opinion—duplication—is likewise wanting. An associate's function is usually to help his principal, to do research and "scut work," to make suggestions and to prepare first drafts. This is not at all duplication but an aid to his principal's functioning—quite comparable to that of a law clerk to a judge.

Accordingly, we reinstate the award for the associate's work.

## IV.

■ The other of petitioner's specific grievance is that, though the attorney claimed eight hours for preparation of the fee motion, the presiding official allowed only five hours. Apparently the main objection was that counsel borrowed from other briefs on fees before the Board.[4] Here, too, we hold the presiding official's conclusory holding to be unwarranted. The attorney represented that in fact he spent eight hours, and the presiding official could not properly determine that use of an earlier brief would so reasonably shorten that period that three hours of the claimed time was excessive. Without more detail than the initial decision gives we cannot upset the attorney's representation that he actually and reasonably spent eight hours.

We do not say that an administrative judge, who heard the case on the merits, cannot properly use her experience in evaluating fee requests, but here the particular request related to the fee motion (as to which no hearing was held) and the reasons given for reduction verge on nit-picking.

We therefore set aside the reduction and award fees for the full eight hours.

## V.

The decisions below are reversed and the case is remanded for allowance of the fees we have decided were erroneously denied.

REVERSED and REMANDED.

---

4. The initial decision also refers to a missing page and use of "he" or "him" though petitioner is female (as well as another name than Wilson).