865 F.2d 269
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
H. Finley DOWNES, Petitioner,
v.
DEPARTMENT OF TRANSPORTATION, Respondent.
 No. 88-3192.
 United States Court of Appeals, Federal Circuit.
 Dec. 30, 1988.
Rehearing Denied March 27, 1989.
 
 Before RICH, NIES and PAULINE NEWMAN, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 H. Finley Downes appeals the final decision of the Merit Systems Protection Board, Docket No. CH075283A0436-1, reducing the amount of the award sought by Downes in his petition for attorney fees and costs from $98,908.89 to $38,595.97. The board reduced the amount of the award requested because it found some of the claimed billable hours were duplicative or excessive and the claimed hourly rate was unreasonably high. We have not been persuaded that the board abused its discretion in determining the amount of the award. Nor has petitioner established procedural error. Accordingly, we affirm.
 
 OPINION
 
 2
 Downes asserts that the board's failure to address his request for oral argument was both an abuse of discretion and a violation of his due process right to be heard. This court has clearly "decline[d] to rule that a hearing is mandatory simply because there is some dispute over amounts. Neither the statute nor the regulation calls for an automatic hearing (5 U.S.C. Sec. 7701(g)(1); 5 C.F.R. Sec. 1201.37) and the Supreme Court has cautioned that '[a] request for attorney's fees should not result in a second major litigation.' Hensley v. Eckerhart, 461 U.S. 424, 437, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983)." Wilson v. Department of Health & Human Servs., 834 F.2d 1011, 1012 (Fed.Cir.1987). Contrary to Downes' assertion, there is no rule or due process requirement that the presiding official (now administrative judge (AJ)) or the board hold a hearing in connection with a petition for attorney fees and costs.
 
 
 3
 With respect to the amount of the award, the AJ explicitly advised Downes, by order, that he must provide specific evidence of rates. Despite that order, Downes' attorney submitted only generalized affidavits stating that the firm's rates were reasonable. Consequently, the AJ relied on his own expertise in assessing the rates. Our review of the record does not disclose any persuasive evidence which contradicts the AJ's clear explanation of his reasons for the reduction. Cf. Crumbaker v. Merit Sys. Protection Bd., 781 F.2d 191, 195 (Fed.Cir.1986), modified on other grounds, 827 F.2d 761 (Fed.Cir.1987) (AJ may rely on his own "experience and wisdom" when assessing a petition for attorney fees and costs).
 
 
 4
 Downes similarly argues that the board erred by reducing the number of hours for which his attorneys claimed they provided services. He does not dispute that reductions are proper when, as in this case, hours are shown to be duplicative or excessive. Rather, he argues that the AJ rendered conclusory remarks unsupported by evidence or explanation. Again, our review of the record persuades us to the contrary. The AJ carefully scrutinized the hours claimed and gave concise and specific reasons for his determination that certain hours were duplicative or excessive.
 
 
 5
 This court has repeatedly held that "the board is given great discretion under section 7701(g)(1) in awarding attorney fees." Sterner v. Department of the Army, 711 F.2d 1563, 1568 (Fed.Cir.1983). Having considered all of Downes' arguments, we are not convinced that the board abused its discretion in making the award challenged here.